UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THERMOLIFE INTERNATIONAL, LLC,

                            Plaintiff,

            - against -

GASPARI NUTRITION, INC., A NEW JERSEY
CORPORATION, RICHARD GASPARI, A NEW
JERSEY RESIDENT, DANIEL PIERCE, A NEW
JERSEY RESIDENT, and BRUCE KNELLER, A
NEW JERSEY RESIDENT,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Miscellaneous Action

Non-Parties Driven Sports, Inc.
and Matthew Cahill's Motion to
Quash Subpoena and/or
Protective Order

BRODIE, J.

MISC 13 0174

Pursuant to Federal Rules of Civil Procedure 26(c) and 45, non-parties Driven Sports, Inc. and Matthew Cahill hereby move this Court through this Miscellaneous Proceeding to quash the subpoenae served on Driven Sports, Inc. and Matthew Cahill by plaintiff, dated February 28, 2013, and issue a protective order requiring that confidential research and other information not be revealed.

    Driven Sports, Inc. and Matthew Cahill respectfully request that the subpoenae, dated February 12, 2013, be quashed and a protective order be issued.

Dated:    New York, New York
           February 28, 2013

                            Respectfully submitted,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN &
                    DICKER LLP

                    By: _____
                        Patrick Geraghty (PG 6217)
                      *Attorneys for Non-Parties*
                    DRIVEN SPORTS, INC. and

MATTHEW CAHILL
150 East 42nd Street
New York, New York 10017
(212) 490-3000
Our File No.: 13863.00004

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2013, the foregoing Notice of Motion to Quash Subpoena to Produce Documents and For a Protective Order was served by first-class mail on the following:

Gregory Collins
Molly Eskay
KERCSMAR & FELTUS, PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, AZ 85250

Robert J. Itri
Flynn P. Carey
GALLAGHER & KENNEDY, PA
2575 East Camelback Road
Phoenix, Arizona 85016

Gregory M. Krakau
Resevoir Place
1601 Trapelo Road
Waltham, Massachusetts 02451

Patrick Geraghty (PG 6217)
*Attorneys for Non-Parties*
DRIVEN SPORTS, INC. and
MATTHEW CAHILL
150 East 42nd Street
New York, New York 10017
Phone: (212) 490-3000
Fax: (212) 490-3038
Our File No.: 13863.00004
patrick.geraghty@wilsonelser.com

5418563v.1



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THERMOLIFE INTERNATIONAL, LLC,                   :

                     Plaintiff,       :

          - against -                          :

GASPARI NUTRITION, INC., A NEW JERSEY            :
CORPORATION, RICHARD GASPARI, A NEW
JERSEY RESIDENT, DANIEL PIERCE, A NEW            :
JERSEY RESIDENT, and BRUCE KNELLER, A
NEW JERSEY RESIDENT,                             :

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Miscellaneous Action

Declaration of Patrick Geraghty
in Support of Non-Parties Driven
Sports, Inc. and Matthew Cahill's
Motion to Quash Subpoena and
For a Protective Order

PATRICK GERAGHTY, pursuant to 28 U.S.C. § 1746, declares and states as follows subject to the penalties for perjury of the United States of America:

1.     I am a member of the firm Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for non-parties Driven Sports, Inc. and Matthew Cahill. I submit this declaration in support of Driven Sports, Inc. and Matthew Cahill's Motion to Quash Subpoenae to Produce Documents.

2.     Annexed to this declaration is a true and correct copy of the following document:

| Exhibit | Description |
| --- | --- |
| A. | Subpoena To Produce Documents, Information, Or Objects to Driven Sports, Inc., dated February 12, 2013; |
| B. | Subpoena To Produce Documents, Information, Or Objects to Matthew Cahill, dated February 12, 2013; |
| C. | Response To Subpoena To Produce Documents, Information, Or Objects to Driven Sports, Inc., dated February 12, 2013; |

D.      Response To Subpoena To Produce Documents, Information, Or Objects
        to Matthew Cahill, dated February 12, 2013; and

E.      Affidavit of Matthew Cahill dated February 28, 2013.


Dated:      White Plains, New York
            February 28, 2013

                        WILSON, ELSER, MOSKOWITZ, EDELMAN &
                        DICKER LLP

                        By: _Patrick Geraghty_____
                            Patrick Geraghty (6217)


5418650v.1

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2010, the foregoing Declaration in Support of Motion to Quash Subpoena to Produce Documents and For a Protective Order was served by first-class mail on the following:

Gregory Collins
Molly Eskay
KERCSMAR & FELTUS, PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, AZ 85250

Robert J. Itri
Flynn P. Carey
GALLAGHER & KENNEDY, PA
2575 East Camelback Road
Phoenix, Arizona 85016

Gregory M. Krakau
Resevoir Place
1601 Trapelo Road
Waltham, Massachusetts 02451

Patrick Geraghty (PG 6217)
*Attorneys for Non-Parties*
DRIVEN SPORTS, INC. and
MATTHEW CAHILL
150 East 42nd Street
New York, New York 10017
Phone: (212) 490-3000
Fax: (212) 490-3038
Our File No.: 13863.00004
patrick.geraghty@wilsonelser.com

Aldine ™ Enviro-Tab ™

# KERCSMAR
# & FELTUS PLLC
www.businesslawaz.com

6263 NORTH SCOTTSDALE ROAD, SUITE 320
SCOTTSDALE, AZ 85250
(480) 421-1001 • FAX (480) 421-1002

Molly Eskay
eme@kflawaz.com

February 12, 2013

## VIA HAND-DELIVERY

Driven Sports, Inc.
672 Dogwood Avenue, Suite 329
Franklin Square, New York 11010

      Re:    *ThermoLife v. Gaspari Nutrition, Inc., et. al.*
            USDC, District of Arizona Case No. 11-cv-01056-NVW

Dear Sir or Madam:

Enclosed is a subpoena for documents related to *ThermoLife v. Gaspari Nutrition, Inc., et. al.* Case No. 11-cv-01056-NVW, currently pending in the United States District Court, District of Arizona. The subpoena requires documents to be produced to our process server's office **on or before Thursday, February 28, 2013**. Alternatively, you can mail the responsive documents directly to us, along with the enclosed Custodian of Records affidavit, on or before this date. We will agree to pay reasonable copy charges for documents responsive to the subpoena. If copy costs exceed $250, please contact me to discuss these issues.

We have a two-tiered protective order in this case, a copy of which I have attached for your review. Pursuant to the order, you may produce documents as "restricted access" or "confidential," and they will be protected as such by counsel and the parties.

Driven Sports, Inc.
Page 2


If you have any questions regarding this subpoena or the protective order, let me know. We look forward to hearing from you on or before **Thursday, February 28, 2013.**

Very truly yours,

KERCSMAR & FELTUS PLLC

Molly Eskay

CME/jre

Enclosures
cc: Robert J. Itri
    Gregory M. Krakau
    Gregory B. Collins

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ThermoLife International, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| Gaspari Nutrition, Inc., et al. | ) |
| *Defendant* | ) |

Civil Action No.   2:11-cv-01056-NVW

(If the action is pending in another district, state where:

District of Arizona                )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Driven Sports, Inc.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit "A".

| Place: O'Melveny & Myers : Re Nationwide Legal #3208<br>7 Times Square New York<br>New York 10036 | Date and Time:<br>02/28/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    02/08/2013

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

OR    _____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
ThermoLife International, L.C. _____ , who issues or requests this subpoena, are:
Jaressa G. B. Coccaro, Kercsmar & Feltus PLLC, 6263 N. Scottsdale Rd., Suite 320, Scottsdale, Arizona  85250
(480) 421-1001, jgc@kflawaz.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:11-cv-01056-NVW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

⊓ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                            *Server's signature*

                                     _____
                                            *Printed name and title*

                                     _____
                                            *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential, research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

For purposes of this Subpoena Duces Tecum, the following terms and references have been abbreviated and defined as follows:

1.    "You," "your" and "Driven Sports" means Driven Sports Inc., Designer Supplements and any of their respective parent entities, subsidiaries, affiliates, predecessor companies, successor companies, laboratories, agents, employees, attorneys, brokers, accountants, investigators, representatives, advisors or servants, including but not limited to Matthew Cahill.

2.    "Gaspari" means Gaspari Nutrition, Inc., its parent entities, subsidiaries, owners, agents, attorneys, investigators, employees, officers, and other representatives, including but not limited to, Richard Gaspari, Daniel Pierce, and Bruce Kneller.

3.    "ThermoLife" means Thermolife International LLC, its parent entities, subsidiaries, owners, agents, attorneys, investigators, employees, officers, and other representatives, including but not limited to Ron Kramer.

4.    "Refer to," "relate to" and "concern" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or pertaining to.

5.    "Any," and "all," as well as "and" and "or," shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

6.    The term "communication(s)" any form of written communication, including but not limited to email, letter, fax, text, and instant message. This includes any communications that are sent or received directly, as well as any communications on which the recipient is copied or blind copied.

7.    The term "document" refers to all electronic media or other tangible forms in which information is stored and includes all written or graphic matter of every type and description, however produced or reproduced, whether or not in the possession, custody, or control of you, your agents, attorneys, or representatives, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to, letters, correspondence, memoranda, intra-office and inter-office communications, written notes, telegrams, reports, transcripts, contracts, deeds, leases, agreements, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of account, proposals, prospectuses, offers, orders, work orders, change orders, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, designs, specifications, requirements, blueprints, planning documents, charts, graphs, indices, statistical records, advertisements, periodicals bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings,

stenographers' notebooks, desk calendars, appointment books, diaries, time sheets, logs, statements, articles, news stories, data processing results, printouts and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form, internal and external electronic mail ("e-mail"), instant messages, text messages, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, photographic prints, transparencies, moving pictures, voice records, and any device or medium on which or through which information of any type is transmitted, recorded or preserved, including computer diskettes, hard drives, electronic databases, compact discs and/or tape drives containing information or from which information can be discerned. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL. "All documents" means every document, as defined above, known to you and every document that can be located or discovered by reasonably diligent efforts.

## INSTRUCTIONS FOR USE

A.      You are requested to furnish all documents known or available to you regardless of whether the document is currently in your possession or that of your attorneys, directors, employees, agents, investigators or other representatives.

B.      If any documents requested herein cannot be produced by you in full, you are requested to produce each document to the extent possible. You are further requested to identify, in your response, each document that was not produced in full.

C.      File folders with tabs or labels identifying documents requested must be produced intact with such documents.

D.      Electronic records and computerized information should be produced in their native format. In the event the native format is proprietary in nature please produce the documents in a reasonably useable format or together with a description of the system and/or program from which each was derived sufficient to permit inspection and copying of the information in a reasonably useable format.

E.      If you object to producing any document, in whole or in part, on the basis of any privilege, set forth the following information in a privilege log: (a) the nature of the privilege claimed and the basis thereof; (b) the names of the parties to the communication; (c) the names of all persons who received a copy, summary or were otherwise apprised of the substance of the document; (d) the date of the communication you claim is privileged; and (e) sufficient facts relating to the nature of the document to enable the Court to determine whether it falls within the scope of the claimed privilege.

F.    If any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject matter, number of pages, date of destruction or disposition, and person or policy authorizing destruction or disposing of the document.

G.    This request is intended to be continuing, requiring you to produce whatever documents responsive to this Subpoena that you may subsequently become aware of or obtain.

## DOCUMENTS TO BE PRODUCED

1.  Any and all documents related to any research, testing or studies you conducted regarding 3,4 Divanillyltetrahydrofuran ("3,4 Divanil"), from 2005 to present.

2.  Any and all documents regarding the effectiveness or safety of 3,4 Divanil, from 2005 to present.

3.  Any and all documents relating to the reason(s) you stopped selling 3,4 Divanil.

4.  Any and all documents relating to the sale of 3,4 Divanil to Gaspari, from 2005 to present.

5.  Any and all documents reflecting sales of 3,4 Divanil to retailers and other manufacturers, from 2005 to present.

6.  Any and all documents related to any FDA investigation, inspection or action related to 3,4 Divanil, from 2005 to present.

7.  Any and all communications with or regarding Gaspari from 2005 to present.

8.  Any and all communications regarding any Gaspari product or ingredient, from 2005 to present.

## AFFIDAVIT OF CUSTODIAN OF RECORDS

STATE OF _____ )
                                    ) ss.
County of _____ )

1. I am the duly authorized Custodian of Records for Driven Sports, Inc. (the "Company"), as described in the attached Subpoena. I have authority to certify the requested records.

2. Attached are true copies of the records requested by the Subpoena (the "Records").

3. As to those of the Records created by the Company, they were made at or near the time by—or from information transmitted by—someone with knowledge of the act, event, condition, opinion, or diagnosis described in the record.

4. The Records were kept in the ordinary course of the Company's regularly conducted activity.

5. As to those of the Records created by the Company, creating them was a regular practice of the Company's regularly conducted activity.


By:  _____  __
        Custodian of Records for Driven Sports, Inc.


SUBSCRIBED AND SWORN to me this _____ day of February, 2013.


_____
Notary Public

My commission expires:


_____

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9                  FOR THE DISTRICT OF ARIZONA
10

ThermoLife International, LLC,               No. CV-11-01056-PHX-NVW
11
            Plaintiff,
12
v.                                           **ORDER**
13
Gaspari Nutrition, Inc., et al.,
14
            Defendants.
15

16

17         Upon stipulation of the parties and good cause appearing therefore,

18         It is hereby ORDERED that:

19         1.      All "Classified Information" produced or disclosed during this action shall

20    be solely for the purpose of this action and for no other purposes whatsoever, and shall

21    not be disclosed to any person except in accordance with the terms hereof.

22         2.      "Classified Information," as used herein, means any information of any

23    type, kind or character that is deserving of protection under Rule 26(c)(1)(G) and is

24    designated as CONFIDENTIAL or RESTRICTED ACCESS by any of the supplying or

25    receiving parties (hereinafter "designating party"), whether it be a document, information

26    contained in a document, information revealed during a deposition, information revealed

in written discovery, or otherwise, as well as any summary, digest, analysis or comment

1   on any document or information designated CONFIDENTIAL or RESTRICTED
2   ACCESS. Classified Information may include documents or information produced or
3   disclosed by a party or a non-party to this action.

4       3.      A party may designate as CONFIDENTIAL any Classified Information that
5   is of a commercial nature and which is not available to the public. A party may designate
6   as RESTRICTED ACCESS any highly sensitive CONFIDENTIAL information including
7   (a) trade secrets and other proprietary information, (b) business methods, plans or
8   strategies, (c) current or projected financial information (including tax returns, bank
9   records, income, profits, losses, expenses), marketing, pricing, sales and inventory data or
10  strategies, and (d) identification of customer or supplier relationships wherein disclosure
11  to another party or its employees presents a risk that the information could be used
12  surreptitiously or inadvertently by the receiving party to the competitive disadvantage of
13  the disclosing party. A party must have a good-faith basis for designating information as
14  RESTRICTED ACCESS or CONFIDENTIAL.

15      4.      Classified Information may be disclosed only to Qualified Persons as
16  defined in this paragraph:

17              a.      RESTRICTED ACCESS information may be disclosed to:

18                      (i)     outside counsel of record in this action and their
19              employees to whom it is necessary that the material be disclosed for
20              purposes of this action;

21                      (ii)    testifying and consulting experts (so long as any non-
22              accounting expert is not presently or has not been employed or
23              otherwise affiliated by a competitor of the designating party in the
24              previous 12 months and has no intention of or plans to affiliate with
25              a competitor of the designating party for at least two years after
26              receiving access to Classified Information): provided, however, such

2

1        persons under subsection (ii) have signed a Certificate of

2        Confidentiality in the form of **Exhibit A** attached hereto, the original

3        of which shall be retained by the outside counsel authorized under

4        subsection (i) for the party employing or retaining that person; and

5            (iii)   court reporters and court personnel, as well as persons

6        who are indicated on the face of the document to have authored or

7        received it;

8        b.    CONFIDENTIAL information may be disclosed to persons authorized

9  under paragraph 4(a), and also to a party and/or any employees of a party whom

10  counsel for such party determines in good-faith are necessary to assist in the

11  party's preparation of the case;

12        c.    RESTRICTED ACCESS and CONFIDENTIAL information may also

13  be disclosed to any person as to whom the designating party agrees in writing, or

14  as otherwise ordered by the Court upon motion of any party.

15      5.    Any non-party to this action who shall be called upon to provide written

16  discovery or deposition or other testimony shall be entitled to avail itself of this

17  Protective Order and to designate its own Classified Information pursuant to this Order

18  and, by so doing, shall assume the duties and obligations imposed by this Order.

19      6.    Documents delivered in this action may be designated as CONFIDENTIAL

20  or RESTRICTED ACCESS information by marking each page of the document(s) so

21  designated with a stamp stating CONFIDENTIAL or RESTRICTED ACCESS. For

22  documents produced electronically, each individual document containing

23  CONFIDENTIAL or RESTRICTED ACCESS INFORMATION should be so marked

24  individually, as opposed to marking only the CD, DVD, hard drive, or other physical

25  medium containing the electronically-stored information. For electronically stored

26  information that cannot reasonably be marked with such designations (such as native

3

1   files), the producing party shall advise the receiving party in writing that such

2   information is protected with reasonable specificity as to the identity of the information

3   or file containing the same. Copies of misdesignated documents shall either be returned

4   to the producing party or destroyed with certification of such destruction provided to the

5   designating party. Information disclosed at any deposition may be designated by any

6   party as CONFIDENTIAL or RESTRICTED ACCESS information by indicating orally

7   on the record at the deposition that the testimony is CONFIDENTIAL or RESTRICTED

8   ACCESS and is subject to the provisions of this Order. Any deposition exhibit that has

9   been marked as CONFIDENTIAL or RESTRICTED ACCESS under this Order shall be

10  treated in accordance with its designation without the further need for counsel to restate

11  the designation on the record. All deposition transcripts shall be treated as

12  RESTRICTED ACCESS for a period of five (5) business days after the receipt of the

13  transcript. Any party may also designate information disclosed at such deposition as

14  CONFIDENTIAL or RESTRICTED ACCESS by notifying all of the parties in writing,

15  within five (5) business days of receipt of the transcript, of the specific pages and lines of

16  the transcript which should be treated as CONFIDENTIAL or RESTRICTED ACCESS

17  thereafter. While it is not the parties' intention to preclude either party of the ability to

18  attend any depositions in this case, they recognize that it may be necessary for a party to

19  be precluded from all or part of a deposition that will involve RESTRICTED ACCESS

20  information. Therefore, if a party designates information to be disclosed at a deposition

21  as RESTRICTED ACCESS, the parties' attorneys shall promptly arrange for individuals

22  not entitled to RESTRICTED ACCESS information to leave the room for the limited

23  purpose of allowing the RESTRICTED ACCESS information to be discovered.

24       7.     Copies of documents containing Classified Information may be made, or

25  exhibits prepared, by independent copy services, printers or illustrators for the purposes

26  of this action.

4

1      8.    Nothing herein shall prevent disclosure beyond the terms of this Order if

2  each party designating the information as CONFIDENTIAL or RESTRICTED ACCESS

3  consents in writing to such disclosure or, if the Court orders such disclosure. Nor shall

4  this Protective Order prevent or restrict the disclosure or use of CONFIDENTIAL or

5  RESTRICTED ACCESS information:

6      a.    in the examination or cross-examination of any person who is

7  indicated on the document as being an author, source or recipient of the

8  CONFIDENTIAL or RESTRICTED ACCESS information, irrespective of which

9  party produced or designated the Classified Information; or

10      b.    authorized pursuant to the terms of any pre-existing agreement

11  between the disclosing and receiving party. However, any disclosure or use of

12  CONFIDENTIAL or RESTRICTED ACCESS information in the examination or

13  cross-examination of an author of such information as mentioned above must be in

14  accordance with and will be subject to the other terms and protections of this

15  Protective Order, and such disclosure or use will not deprive the information of its

16  CONFIDENTIAL or RESTRICTED ACCESS status.

17      9.    A party shall not be obligated to challenge the propriety of a designation as

18  CONFIDENTIAL or RESTRICTED ACCESS at the time made, and a failure to do so

19  shall not preclude a subsequent challenge thereto. In the event that any party to this

20  action disagrees at any stage of these proceedings with the designation of any information

21  as CONFIDENTIAL or RESTRICTED ACCESS, the parties shall first try to resolve

22  such dispute informally. If after a good-faith attempt, the objecting party believes the

23  dispute cannot be resolved it shall so notify in writing the designating party. The

24  designating party shall be required to move the Court for an order preserving the

25  designated status of such information within ten (10) days of receipt of said written

26  notice, and failure to do so shall result in the termination of the Classified Information

1    status of such item. Pending the Court's ruling on the designating party's request to

2    preserve its designation status, the information shall retain the designation given by the

3    designating party and be accorded the treatment and protection mandated hereby for such

4    designation.

5        10.    Nothing shall be regarded as CONFIDENTIAL or RESTRICTED ACCESS

6    information if it is information that:

7             a.    Is in the public domain at the time of disclosure, as evidenced by a

8        written document; or

9             b.    Becomes part of the public domain subsequent to the time of

10        disclosure through no fault of the receiving party, as evidenced by a written

11        document; or

12            c.    A receiving party can show by written document that the information

13        was in its rightful and lawful possession at the time of disclosure, or was

14        subsequently lawfully received without restriction as to disclosure; or

15            d.    Is developed by one of the receiving party's employees wholly

16        independently of disclosure hereunder, provided the receiving party furnishes the

17        disclosing party with written documentation evidencing such.

18       11.    In the event a party wishes to use any CONFIDENTIAL or RESTRICTED

19    ACCESS information in any papers filed in this Action, such papers shall be filed under

20    seal with the Court, in accordance with General Order 05-23.

21       12.    Within sixty (60) days after conclusion of this action, any document

22    containing or referring to Classified Information in the possession of any Qualified

23    Person shall at the option of the party in possession either be returned to the producing

24    party or destroyed, with written certification of said destruction provided to the producing

25    and designating party, except that outside counsel of record for each party may retain

26

6

1   pleadings, deposition or hearing transcripts, and exhibits that contain Classified

2   Information, and they will continue to be bound by the provisions of this Order.

3       13.     This Order shall not prevent any attorney from conveying to any party

4   client his evaluation in a general way to RESTRICTED ACCESS information produced

5   or exchanged herein; provided, however, that in rendering such advice and otherwise

6   communicating with his client, the attorney shall not disclose the specific contents of any

7   such information in a manner that would be contrary to the terms of this Order.

8       14.     Inadvertent production of documents that might otherwise be regarded as

9   CONFIDENTIAL or RESTRICTED ACCESS in this matter shall not constitute a waiver

10  of the ability to seek protection for CONFIDENTIAL or RESTRICTED ACCESS

11  documents; provided, however, that after the producing party learns of such inadvertent

12  production that party promptly notifies the receiving party in writing. If notification is

13  given, such inadvertently produced documents and all copies thereof shall be promptly

14  returned to the producing party. No use shall be made of such documents or protected

15  information contained therein for any purpose, nor shall they be disclosed to anyone.

16      15.     Nothing in this Order shall be deemed to preclude a party from seeking and

17  obtaining such additional protection with respect to any Classified Information as it may

18  consider appropriate and necessary.

19      16.     The provisions of this Order restricting the use of Classified Information

20  shall continue to be binding after the conclusion of this action unless otherwise agreed by

21  the designating party.

22      Dated this 9th day of August, 2011.

23

24

25                          Neil V. Wake
                    United States District Judge
26

                            7

# KERCSMAR
# & FELTUS PLLC
www.businesslawaz.com

6263 NORTH SCOTTSDALE ROAD, SUITE 320
SCOTTSDALE, AZ 85250
(480) 421-1001 • FAX (480) 421-1002

Molly Eskay
cme@kflawaz.com                              February 12, 2013

## VIA HAND-DELIVERY

Matthew Cahill
1111 Park Lane North
Franklin Square, NY 11010-1719

> Re:   *ThermoLife v. Gaspari Nutrition, Inc., et. al.*
>        USDC, District of Arizona Case No. 11-cv-01056-NVW

Dear Sir, or Madam:

Enclosed is a subpoena for documents related to *ThermoLife v. Gaspari Nutrition, Inc., et. al,* Case No. 11-cv-01056-NVW, currently pending in the United States District Court, District of Arizona. The subpoena requires documents to be produced to our process server's office **on or before Thursday, February 28, 2013.** Alternatively, you can mail the responsive documents directly to us, on or before this date. We will agree to pay reasonable copy charges for documents responsive to the subpoena. If copy costs exceed $250, please contact me to discuss these issues.

We have a two-tiered protective order in this case, a copy of which I have attached for your review. Pursuant to the order, you may produce documents as "restricted access" or "confidential," and they will be protected as such by counsel and the parties.

Matthew Cahill
Page 2


If you have any questions regarding this subpoena or the protective order, let me know. We look forward to hearing from you on or before **Thursday, February 28, 2013.**

Very truly yours,

KERCSMAR & FELTUS PLLC

Molly Eskay

JBC/jrc

Enclosures
cc:  Robert J. Itri
      Gregory M. Krakau
      Gregory B. Collins

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| ThermoLife International, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:11-cv-01056-NVW |
| Gaspari Nutrition, Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Arizona                ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Matthew Cahill

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit "A".

| Place: O'Melveny & Myers : Re Nationwide Legal #3208<br>7 Times Square New York<br>New York 10036 | Date and Time:<br><br>02/28/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___02/08/2013___

*CLERK OF COURT*

_____      OR      _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
ThermoLife International, LLC _____, who issues or requests this subpoena, are:

Jenessa G. B. Coccaro, Kercsmar & Feltus PLLC, 6263 N. Scottsdale Rd., Suite 320, Scottsdale, Arizona, 85250, (480) 421-1001, jbc@kflawaz.com

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:11-cv-01056-NVW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

For purposes of this Subpoena Duces Tecum, the following terms and references have been abbreviated and defined as follows:

1.     "You," "your" and "Matthew Cahill" means Matthew Cahill and any of his affiliates, laboratories, agents, employees, attorneys, accountants, investigators, representatives, advisors or servants.

2.     "Gaspari" means Gaspari Nutrition, Inc., its parent entities, subsidiaries, owners, agents, attorneys, investigators, employees, officers, and other representatives, including but not limited to, Richard Gaspari, Daniel Pierce, and Bruce Kneller.

3.     "ThermoLife" means Thermolife International LLC, its parent entities, subsidiaries, owners, agents, attorneys, investigators, employees, officers, and other representatives, including but not limited to Ron Kramer.

4.     "Refer to," "relate to" and "concern" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or pertaining to.

5.     "Any," and "all," as well as "and" and "or," shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

6.     The term "communication(s)" any form of written communication, including but not limited to email, letter, fax, text, and instant message. This includes any communications that are sent or received directly, as well as any communications on which the recipient is copied or blind copied.

7.     The term "document" refers to all electronic media or other tangible forms in which information is stored and includes all written or graphic Matthewer of every type and description, however produced or reproduced, whether or not in the possession, custody, or control of you, your agents, attorneys, or representatives, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to, letters, correspondence, memoranda, intra-office and inter-office communications, written notes, telegrams, reports, transcripts, contracts, deeds, leases, agreements, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of account, proposals, prospectuses, offers, orders, work orders, change orders, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, designs, specifications, requirements, blueprints, planning documents, charts, graphs, indices, statistical records, advertisements, periodicals bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, stenographers' notebooks, desk calendars, appointment books, diaries, time sheets, logs, statements, articles, news stories, data processing results, printouts and computations

(both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form, internal and external electronic mail ("e-mail"), instant messages, text messages, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, photographic prints, transparencies, moving pictures, voice records, and any device or medium on which or through which information of any type is transmitted, recorded or preserved, including computer diskettes, hard drives, electronic databases, compact discs and/or tape drives containing information or from which information can be discerned. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL. "All documents" means every document, as defined above, known to you and every document that can be located or discovered by reasonably diligent efforts.

## INSTRUCTIONS FOR USE

A.    You are requested to furnish all documents known or available to you regardless of whether the document is currently in your possession or that of your attorneys, directors, employees, agents, investigators or other representatives.

B.    If any documents requested herein cannot be produced by you in full, you are requested to produce each document to the extent possible. You are further requested to identify, in your response, each document that was not produced in full.

C.    File folders with tabs or labels identifying documents requested must be produced intact with such documents.

D.    Electronic records and computerized information should be produced in their native format. In the event the native format is proprietary in nature please produce the documents in a reasonably useable format or together with a description of the system and/or program from which each was derived sufficient to permit inspection and copying of the information in a reasonably useable format.

E.    If you object to producing any document, in whole or in part, on the basis of any privilege, set forth the following information in a privilege log: (a) the nature of the privilege claimed and the basis thereof; (b) the names of the parties to the communication; (c) the names of all persons who received a copy, summary or were otherwise apprised of the substance of the document; (d) the date of the communication you claim is privileged; and (e) sufficient facts relating to the nature of the document to enable the Court to determine whether it falls within the scope of the claimed privilege.

F.    If any requested document has been destroyed or otherwise disposed of, that document is to be identified by author, addressee, indicated or blind copies, date, subject Matthewer, number of pages, date of destruction or disposition, and person or policy authorizing destruction or disposing of the document.

G.    This request is intended to be continuing, requiring you to produce whatever documents responsive to this Subpoena that you may subsequently become aware of or obtain.

## DOCUMENTS TO BE PRODUCED

1. Any and all documents related to any research, testing or studies you conducted regarding 3,4 Divanillyltetrahydrofuran ("3,4 Divanil"), from 2005 to present.

2. Any and all documents regarding the effectiveness or safety of 3,4 Divanil, from 2005 to present.

3. Any and all documents relating to the reason(s) you stopped selling 3,4 Divanil.

4. Any and all documents relating to the sale of 3,4 Divanil to Gaspari, from 2005 to present.

5. Any and all documents reflecting sales of 3,4 Divanil to retailers and other manufacturers, from 2005 to present.

6. Any and all documents related to any FDA investigation, inspection or action related to 3,4 Divanil, from 2005 to present.

7. Any and all communications with or regarding Gaspari from 2005 to present.

8. Any and all communications regarding any Gaspari product or ingredient, from 2005 to present.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ThermoLife International, LLC,

Plaintiff,

v.

Gaspari Nutrition, Inc., et al.,

Defendants.

No. CV-11-01056-PHX-NVW

**ORDER**

Upon stipulation of the parties and good cause appearing therefore,

It is hereby ORDERED that:

1.      All "Classified Information" produced or disclosed during this action shall be solely for the purpose of this action and for no other purposes whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.      "Classified Information," as used herein, means any information of any type, kind or character that is deserving of protection under Rule 26(c)(1)(G) and is designated as CONFIDENTIAL or RESTRICTED ACCESS by any of the supplying or receiving parties (hereinafter "designating party"), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in written discovery, or otherwise, as well as any summary, digest, analysis or comment

1   on any document or information designated CONFIDENTIAL or RESTRICTED

2   ACCESS. Classified Information may include documents or information produced or

3   disclosed by a party or a non-party to this action.

4        3.    A party may designate as CONFIDENTIAL any Classified Information that

5   is of a commercial nature and which is not available to the public. A party may designate

6   as RESTRICTED ACCESS any highly sensitive CONFIDENTIAL information including

7   (a) trade secrets and other proprietary information, (b) business methods, plans or

8   strategies, (c) current or projected financial information (including tax returns, bank

9   records, income, profits, losses, expenses), marketing, pricing, sales and inventory data or

10   strategies, and (d) identification of customer or supplier relationships wherein disclosure

11   to another party or its employees presents a risk that the information could be used

12   surreptitiously or inadvertently by the receiving party to the competitive disadvantage of

13   the disclosing party. A party must have a good-faith basis for designating information as

14   RESTRICTED ACCESS or CONFIDENTIAL.

15        4.    Classified Information may be disclosed only to Qualified Persons as

16   defined in this paragraph:

17           a.    RESTRICTED ACCESS information may be disclosed to:

18                (i)    outside counsel of record in this action and their

19   employees to whom it is necessary that the material be disclosed for

20   purposes of this action;

21                (ii)    testifying and consulting experts (so long as any non-

22   accounting expert is not presently or has not been employed or

23   otherwise affiliated by a competitor of the designating party in the

24   previous 12 months and has no intention of or plans to affiliate with

25   a competitor of the designating party for at least two years after

26   receiving access to Classified Information); provided, however, such

2

1    persons under subsection (ii) have signed a Certificate of

2    Confidentiality in the form of **Exhibit A** attached hereto, the original

3    of which shall be retained by the outside counsel authorized under

4    subsection (i) for the party employing or retaining that person; and

5         (iii)   court reporters and court personnel, as well as persons

6    who are indicated on the face of the document to have authored or

7    received it;

8        b.   CONFIDENTIAL information may be disclosed to persons authorized

9    under paragraph 4(a), and also to a party and/or any employees of a party whom

10    counsel for such party determines in good-faith are necessary to assist in the

11    party's preparation of the case;

12        c.   RESTRICTED ACCESS and CONFIDENTIAL information may also

13    be disclosed to any person as to whom the designating party agrees in writing, or

14    as otherwise ordered by the Court upon motion of any party.

15        5.   Any non-party to this action who shall be called upon to provide written

16    discovery or deposition or other testimony shall be entitled to avail itself of this

17    Protective Order and to designate its own Classified Information pursuant to this Order

18    and, by so doing, shall assume the duties and obligations imposed by this Order.

19        6.   Documents delivered in this action may be designated as CONFIDENTIAL

20    or RESTRICTED ACCESS information by marking each page of the document(s) so

21    designated with a stamp stating CONFIDENTIAL or RESTRICTED ACCESS. For

22    documents produced electronically, each individual document containing

23    CONFIDENTIAL or RESTRICTED ACCESS INFORMATION should be so marked

24    individually, as opposed to marking only the CD, DVD, hard drive, or other physical

25    medium containing the electronically-stored information. For electronically stored

26    information that cannot reasonably be marked with such designations (such as native

3

1   files), the producing party shall advise the receiving party in writing that such

2   information is protected with reasonable specificity as to the identity of the information

3   or file containing the same. Copies of misdesignated documents shall either be returned

4   to the producing party or destroyed with certification of such destruction provided to the

5   designating party. Information disclosed at any deposition may be designated by any

6   party as CONFIDENTIAL or RESTRICTED ACCESS information by indicating orally

7   on the record at the deposition that the testimony is CONFIDENTIAL or RESTRICTED

8   ACCESS and is subject to the provisions of this Order. Any deposition exhibit that has

9   been marked as CONFIDENTIAL or RESTRICTED ACCESS under this Order shall be

10  treated in accordance with its designation without the further need for counsel to restate

11  the designation on the record. All deposition transcripts shall be treated as

12  RESTRICTED ACCESS for a period of five (5) business days after the receipt of the

13  transcript. Any party may also designate information disclosed at such deposition as

14  CONFIDENTIAL or RESTRICTED ACCESS by notifying all of the parties in writing,

15  within five (5) business days of receipt of the transcript, of the specific pages and lines

16  of the transcript which should be treated as CONFIDENTIAL or RESTRICTED ACCESS

17  thereafter. While it is not the parties' intention to preclude either party of the ability to

18  attend any depositions in this case, they recognize that it may be necessary for a party to

19  be precluded from all or part of a deposition that will involve RESTRICTED ACCESS

20  information. Therefore, if a party designates information to be disclosed at a deposition

21  as RESTRICTED ACCESS, the parties' attorneys shall promptly arrange for individuals

22  not entitled to RESTRICTED ACCESS information to leave the room for the limited

23  purpose of allowing the RESTRICTED ACCESS information to be discovered.

24          7.      Copies of documents containing Classified Information may be made, or

25  exhibits prepared, by independent copy services, printers or illustrators for the purposes

26  of this action.

4

1   pleadings, deposition or hearing transcripts, and exhibits that contain Classified

2   Information, and they will continue to be bound by the provisions of this Order.

3       13.     This Order shall not prevent any attorney from conveying to any party

4   client his evaluation in a general way to RESTRICTED ACCESS information produced

5   or exchanged herein; provided, however, that in rendering such advice and otherwise

6   communicating with his client, the attorney shall not disclose the specific contents of any

7   such information in a manner that would be contrary to the terms of this Order.

8       14.     Inadvertent production of documents that might otherwise be regarded as

9   CONFIDENTIAL or RESTRICTED ACCESS in this matter shall not constitute a waiver

10  of the ability to seek protection for CONFIDENTIAL or RESTRICTED ACCESS

11  documents; provided, however, that after the producing party learns of such inadvertent

12  production that party promptly notifies the receiving party in writing.  If notification is

13  given, such inadvertently produced documents and all copies thereof shall be promptly

14  returned to the producing party.  No use shall be made of such documents or protected

15  information contained therein for any purpose, nor shall they be disclosed to anyone.

16      15.     Nothing in this Order shall be deemed to preclude a party from seeking and

17  obtaining such additional protection with respect to any Classified Information as it may

18  consider appropriate and necessary.

19      16.     The provisions of this Order restricting the use of Classified Information

20  shall continue to be binding after the conclusion of this action unless otherwise agreed by

21  the designating party.

22      Dated this 9th day of August, 2011.

23

24      _____

25              Neil V. Wake
        United States District Judge
26

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THERMOLIFE INTERNATIONAL, LLC,      :

                   Plaintiff,      :

         - against -      :

GASPARI NUTRITION, INC., A NEW JERSEY      :
CORPORATION, RICHARD GASPARI, A NEW
JERSEY RESIDENT, DANIEL PIERCE, A NEW      :
JERSEY RESIDENT, and BRUCE KNELLER, A
NEW JERSEY RESIDENT,      :

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Miscellaneous Action

Declaration of Matthew Cahill

     MATTHEW CAHILL, the undersigned, declares under penalty of perjury that the following is true and correct:

     1.  I am currently employed as Vice President of Operations at Driven Sports, Inc. In my capacity of Vice President of Operations, I am knowledgeable and familiar with Driven Sports, Inc.'s business practices.

     2.  Driven Sports, Inc. is a manufacturer of sports nutrition supplements. At no time from 2005 to the present has Driven Sports, Inc. ever sold 3,4 Divanil to Gaspari Nutrition, Inc.

     3.  At no time from 2005 to the present have I, personally, ever sold 3,4 Divanil to Gaspari Nutrition, Inc.

     4.  ThermoLife International, LLC is a competitor in the sports nutrition industry and as such, there is great concern in turning over Driven Sports, Inc.'s trade secrets regarding 3,4 Divanil. Since Driven Sports, Inc. did not sell 3,4 Divanil to Gaspari Nutrition, Inc., the only

purpose in ThermoLife seeking Driven Sports research and sales records would be to gain a competitive advantage in the industry.

5.   With respect to ThermoLife's association of Designer Supplements with Driven Sports, Inc., there has never been a relationship between Designer Supplements and Driven Sports, Inc.

6.   Designer Supplements was a company I previously owned that wound down in 2008 and is no longer in business. At no time from 2005 to the present did Designer Supplements ever supply 3,4 Divanil to Gaspari Nutrition, Inc.

Dated: New York, New York
       February 28, 2013

                                                    _____
                                                    Matthew Cahill

5418996v.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ X

ThermoLife International, LLC,                    :   **No. 2:11-cv-01056-NVW**
                                                 :   Pending in the
                                Plaintiff,       :   United States District Court
                                                 :   District of Arizona

              -against-                          :
                                                 :   **Response to Non-Party**
Gaspari Nutrition, Inc., et al.,                 :   **Subpoena Served on**
                                                 :   **Driven Sports, Inc.**
                                Defendants.      :
                                                 :
------------------------------------------------------------------ X

          Non-Parties DRIVEN SPORTS, INC. and MATTHEW CAHILL, by their attorneys,

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, respond to ThermoLife International,

LLC's Subpoena to Produce Documents, Information, or Objects, served on Driven Sports on

February 13, 2013, as follows:

## GENERAL OBJECTIONS

          A.      Non-Parties object generally to the Subpoena for Production to the extent that

they are vague, ambiguous, overbroad, unduly burdensome or irrelevant.

          B.      Non-Parties object generally to the definition of "You," "Your," and "Driven

Sports" to the extent that it is vague, ambiguous, overbroad, unduly burdensome or irrelevant.

          C.      Non-Parties object generally to the Subpoena for Production to the extent they are

not tailored to the issues in this action and seek information not reasonably calculated to lead to

the discovery of admissible evidence.

          D.      Non-Parties object generally to the Subpoena for Production to the extent that

they seek information or materials subject to the attorney-client privilege. In the event that any

such information is disclosed, or any document containing such information is produced, such

disclosure or production is inadvertent and does not constitute a waiver of any privilege.

1

5416763v.1

E.     Non-Parties object generally to the Subpoena for Production to the extent that they seek confidential or proprietary information.

F.     Non-Parties object to the Subpoena for Production to the extent they purport to call for production or identification of documents or information not within Non-Parties' possession, custody or control or documents equally accessible to Thermolife through its own efforts.

G.     Non-Parties object to the Subpoena for Production to the extent they seek discovery of information with respect to persons or entities other than Non-Parties on the grounds that (1) such documents or information may not be in the possession, custody or control of Non-Parties; (2) it would be unduly burdensome and oppressive to provide such information; and (3) disclosure of such information would reveal confidential information.

H.     Non-Parties object generally to Thermolife's instructions and definitions in the Subpoena for Production to the extent that they vary from Local Rule 26.3.

I.     Non-Parties object generally to the Subpoena for Production to the extent that they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules.

J.     Non-Parties object to the Subpoena for Production to the extent they seek to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules.

K.     Non-Parties object to the Subpoena for Production to the extent they are not reasonably calculated to lead to the discovery of admissible information.

L.     Non-Parties object generally to each demand for documents to be produced to the extent that it seeks any information the disclosure of which would violate the rights of privacy

2

and other judicially recognized protections and privileges, confidentiality agreements or arrangements between Non-Parties and any third parties, or which could result in the disclosure of confidential trade secrets or proprietary information, materials prepared in anticipation of litigation, or confidential settlement discussions or conduct.

      M.     Non-Parties incorporate the foregoing general objections into each and every objection and any responses to the Subpoena for Production and further does not intend to waive, and are not waiving, any general objections in response to any specific Subpoena for Production.

**REQUESTS FOR PRODUCTION**

**Request No. 1:**

      Any and all documents related to any research, testing or studies you conducted regarding 3,4 Divanillyltetrahydrofuran ("3,4 Divanil"), from 2005 to present.

**Response to Request No. 1:**

      Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

**Request No. 2:**

      Any and all documents regarding the effectiveness or safety of 3,4 Divanil, from 2005 to

3

5416763v.1

present.

**Response to Request No. 2:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

**Request No. 3:**

Any and all documents relating to the reason(s) you stopped setting 3,4 Divanil.

**Response to Request No. 3:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal

4

Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 4:**

Any and all documents relating to the sale of 3,4 Divanil to Gaspari, from 2005 to present.

**Response to Request No. 4:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 5:**

Any and all documents reflecting sales of 3,4 Divanil to retailers and other manufacturers, from 2005 to present.

**Response to Request No. 5:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or

proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 6:**

Any and all documents related to any FDA investigation, inspection or action related to Divanil, from 2005 to present.

**Response to Request No. 6:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 7:**

Any and all communications with or regarding Gaspari from 2005 to present.

**Response to Request No. 7:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 8:**

Any and all communications regarding any Gaspari product or ingredient, from 2005 to present.

**Response to Request No. 8:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal

7

Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

Dated:   New York, New York
         February 27, 2013

                              Yours, etc.,

                              WILSON, ELSER, MOSKOWITZ, EDELMAN &
                              DICKER LLP

                              By:  _____
                              Patrick Geraghty (6217)
                              *Attorneys for Non-Parties*
                              DRIVEN SPORTS, INC. and
                              MATTHEW CAHILL
                              150 East 42nd Street
                              New York, New York 10017
                              (212) 490-3000
                              Our File No.: 13863.00004


TO:   KERCSMAR & FELTUS, PLLC
      6263 North Scottsdale Road, Suite 320
      Scottsdale, AZ 85250
      Attn: Molly Eskay

8

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF NEW YORK  )

**DENISE FOSTER**, duly sworn, deposes, and says: that deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York.

That on the 27th day of February 2013 deponent served the within **RESPONSE TO NON-PARTY SUBPOENA SERVED ON DRIVEN SPORTS, INC.** upon:

KERCSMAR & FELTUS, PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, AZ 85250
Attn: Molly Eskay

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

DENISE FOSTER

Sworn to before me this
27th day of February 2013.

Notary Public

RENATE M. ZIELINSKI
NOTARY PUBLIC, State of New York
No. 01ZI4862215
Qualified in Suffolk County
Commission Expires July 14, 20 14

RENATE M. ZIELINSKI
NOTARY PUBLIC, State of New York
No. 01Z    2215
Qualified in S   folk County
Commission Expir    July 14, 20 14

- 2 -

5416970v.1

UNITED STATES DISTRICT COURT / EASTERN DISTRICT OF NEW YORK

---

THERMOLIFE INTERNATIONAL, LLC,

Plaintiff,

-against-

GASPARI NUTRITION, INC., et al.

Defendants.

---

### RESPONSE TO NON-PARTY SUBPOENA SERVED ON DRIVEN SPORTS, INC.

---

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*Attorneys For*   Defendants DRIVEN SPORTS, INC. and MATTHEW CAHILL

150 East 42nd Street
New York, NY  10017-5639
212.490.3000

Aldine ™ Enviro-Tab ™   Mixed Sources

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X

ThermoLife International, LLC,

                             Plaintiff,

            -against-

Gaspari Nutrition, Inc., et al.,

                        Defendants.

-------------------------------------------------------------- X

**No. 2:11-cv-01056-NVW**
Pending in the
United States District Court
District of Arizona

**Response to Non-Party**
**Subpoena Served on**
**Matthew Cahill**

Non-Parties DRIVEN SPORTS, INC. and MATTHEW CAHILL, by their attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, respond to ThermoLife International, LLC's Subpoena to Produce Documents, Information, or Objects, served on Matthew Cahill on February 13, 2013, as follows:

## GENERAL OBJECTIONS

    A.    Non-Parties object generally to the Subpoena for Production to the extent that they are vague, ambiguous, overbroad, unduly burdensome or irrelevant.

    B.    Non-Parties object generally to the definition of "You," "Your," and "Matthew Cahill" to the extent that it is vague, ambiguous, overbroad, unduly burdensome or irrelevant.

    C.    Non-Parties object generally to the Subpoena for Production to the extent they are not tailored to the issues in this action and seek information not reasonably calculated to lead to the discovery of admissible evidence.

    D.    Non-Parties object generally to the Subpoena for Production to the extent that they seek information or materials subject to the attorney-client privilege. In the event that any such information is disclosed, or any document containing such information is produced, such disclosure or production is inadvertent and does not constitute a waiver of any privilege.

1

E.       Non-Parties object generally to the Subpoena for Production to the extent that they seek confidential or proprietary information.

F.       Non-Parties object to the Subpoena for Production to the extent they purport to call for production or identification of documents or information not within Non-Parties' possession, custody or control or documents equally accessible to Thermolife through its own efforts.

G.       Non-Parties object to the Subpoena for Production to the extent they seek discovery of information with respect to persons or entities other than Non-Parties on the grounds that (1) such documents or information may not be in the possession, custody or control of Non-Parties; (2) it would be unduly burdensome and oppressive to provide such information; and (3) disclosure of such information would reveal confidential information.

H.       Non-Parties object generally to Thermolife's instructions and definitions in the Subpoena for Production to the extent that they vary from Local Rule 26.3.

I.       Non-Parties object generally to the Subpoena for Production to the extent that they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules.

J.       Non-Parties object to the Subpoena for Production to the extent they seek to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules.

K.       Non-Parties object to the Subpoena for Production to the extent they are not reasonably calculated to lead to the discovery of admissible information.

L.       Non-Parties object generally to each demand for documents to be produced to the extent that it seeks any information the disclosure of which would violate the rights of privacy

2

and other judicially recognized protections and privileges, confidentiality agreements or arrangements between Non-Parties and any third parties, or which could result in the disclosure of confidential trade secrets or proprietary information, materials prepared in anticipation of litigation, or confidential settlement discussions or conduct.

M.      Non-Parties incorporate the foregoing general objections into each and every objection and any responses to the Subpoena for Production and further does not intend to waive, and are not waiving, any general objections in response to any specific Subpoena for Production.

## REQUESTS FOR PRODUCTION

### Request No. 1:

Any and all documents related to any research, testing or studies you conducted regarding 3,4 Divanillyltetrahydrofuran ("3,4 Divanil"), from 2005 to present.

### Response to Request No. 1:

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

### Request No. 2:

Any and all documents regarding the effectiveness or safety of 3,4 Divanil, from 2005 to

3

present.

## Response to Request No. 2:

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## Request No. 3:

Any and all documents relating to the reason(s) you stopped setting 3,4 Divanil.

## Response to Request No. 3:

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal

4

Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 4:**

Any and all documents relating to the sale of 3,4 Divanil to Gaspari, from 2005 to present.

**Response to Request No. 4:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 5:**

Any and all documents reflecting sales of 3,4 Divanil to retailers and other manufacturers, from 2005 to present.

**Response to Request No. 5:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or

5416767v.1

proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 6:**

Any and all documents related to any FDA investigation, inspection or action related to Divanil, from 2005 to present.

**Response to Request No. 6:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 7:**

Any and all communications with or regarding Gaspari from 2005 to present.

6

**Response to Request No. 7:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties' possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

**Request No. 8:**

Any and all communications regarding any Gaspari product or ingredient, from 2005 to present.

**Response to Request No. 8:**

Non-Parties object to the referenced request for documents to the extent that: (1) it is vague, ambiguous, unduly burdensome and irrelevant; (2) is not tailored to seek information reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks confidential or proprietary information; (4) it purports to call for production or identification of documents or information not within Non-Parties possession, custody or control; (4) it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; (5) it seeks to impose a greater duty to provide any response or objection thereto than required by the Federal

7

Rules of Civil Procedure and the Local Rules of the United States District Courts for the

Southern and Eastern Districts of New York; and (6) it assumes facts not in evidence.

Dated:    New York, New York
         February 27, 2013

                    Yours, etc.,

                  WILSON, ELSER, MOSKOWITZ, EDELMAN &
                  DICKER LLP

                By:        
                    Patrick Geraghty (6217)
                  *Attorneys for Non-Parties*
                  DRIVEN SPORTS, INC. and
                  MATTHEW CAHILL
                  150 East 42nd Street
                  New York, New York 10017
                  (212) 490-3000
                  Our File No.: 13863.00004

8

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK )

      **DENISE FOSTER**, duly sworn, deposes, and says: that deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York.

      That on the 27th day of February 2013 deponent served the within **RESPONSE TO NON-PARTY SUBPOENA SERVED ON MATTHEW CAHILL** upon:

      KERCSMAR & FELTUS, PLLC
      6263 North Scottsdale Road, Suite 320
      Scottsdale, AZ 85250
      Attn: Molly Eskay

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_DENISE FOSTER_

DENISE FOSTER

Sworn to before me this
27th day of February 2013.

_Notary Public_

RENATE M. ZIELINSKI
NOTARY PUBLIC, State of New York
No. 01ZI4862215
Qualified in Suffolk County
Commission Expires July 14, 20___14

## UNITED STATES DISTRICT COURT / EASTERN DISTRICT OF NEW YORK

THERMOLIFE INTERNATIONAL, LLC,

                                                    Plaintiff,

          -against-

GASPARI NUTRITION, INC., et al.

                                                    Defendants.

## RESPONSE TO NON-PARTY SUBPOENA SERVED ON MATTHEW CAHILL

### WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Attorneys For*   Defendants DRIVEN SPORTS, INC. and MATTHEW CAHILL

150 East 42nd Street
New York, NY 10017-5639
212.490.3000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THERMOLIFE INTERNATIONAL, LLC,                        :

                          Plaintiff,            :

            - against -                          :

GASPARI NUTRITION, INC., A NEW JERSEY                 :
CORPORATION, RICHARD GASPARI, A NEW
JERSEY RESIDENT, DANIEL PIERCE, A NEW                 :
JERSEY RESIDENT, and BRUCE KNELLER, A
NEW JERSEY RESIDENT,                                  :

                       Defendants.

Miscellaneous Action

Declaration of Matthew Cahill

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MATTHEW CAHILL, the undersigned, declares under penalty of perjury that the following is true and correct:

1. I am currently employed as Vice President of Operations at Driven Sports, Inc. In my capacity of Vice President of Operations, I am knowledgeable and familiar with Driven Sports, Inc.'s business practices.

2. Driven Sports, Inc. is a manufacturer of sports nutrition supplements. At no time from 2005 to the present has Driven Sports, Inc. ever sold 3,4 Divanil to Gaspari Nutrition, Inc.

3. At no time from 2005 to the present have I, personally, ever sold 3,4 Divanil to Gaspari Nutrition, Inc.

4. ThermoLife International, LLC is a competitor in the sports nutrition industry and as such, there is great concern in turning over Driven Sports, Inc.'s trade secrets regarding 3,4 Divanil. Since Driven Sports, Inc. did not sell 3,4 Divanil to Gaspari Nutrition, Inc., the only

purpose in ThermoLife seeking Driven Sports research and sales records would be to gain a competitive advantage in the industry.

5.  With respect to ThermoLife's association of Designer Supplements with Driven Sports, Inc., there has never been a relationship between Designer Supplements and Driven Sports, Inc.

6.  Designer Supplements was a company I previously owned that wound down in 2008 and is no longer in business. At no time from 2005 to the present did Designer Supplements ever supply 3,4 Divanil to Gaspari Nutrition, Inc.

Dated: New York, New York
      February 28, 2013


                                        _____
                                                Matthew Cahill


5418996v.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                           ) ss.:
COUNTY OF NEW YORK )

     **ANTONNETTE CHAMBERS**, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in the State of New York, County of Bronx.

     That on the **28th day of February, 2013** deponent served the within **NON-PARTIES DRIVEN SPORTS, INC. AND MATTHEW CAHILL'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT** upon:

> **Gregory Collins**
> **Molly Eskay**
> **KERCSMAR & FELTUS, PLLC**
> **6263 North Scottsdale Road, Suite 320**
> **Scottsdale, AZ 85250**
>
> **Robert J. Itri**
> **Flynn P. Carey**
> **GALLAGHER & KENNEDY, PA**
> **2575 East Camelback Road**
> **Phoenix, Arizona 85016**
>
> **Gregory M. Krakau**
> **Resevoir Place**
> **1601 Trapelo Road**
> **Waltham, Massachusetts 02451**

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                              _____
                                              **ANTONNETTE CHAMBERS**

Sworn to before me this
28th day of February, 2013

_____
Notary Public   **MICHAEL L. EDELMAN**
             **Notary Public, State of New York**
                 **No. 02ED6155189**
            **Qualified in New York County**
     **Commission Expires 11-06-2014**

5419908v.1