UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THERMOLIFE INTERNATIONAL, LLC,

              Plaintiff,

   - against -

GASPARI NUTRITION, INC., A NEW JERSEY
CORPORATION, RICHARD GASPARI, A NEW
JERSEY RESIDENT, DANIEL PIERCE, A NEW
JERSEY RESIDENT, and BRUCE KNELLER, A
NEW JERSEY RESIDENT,

             Defendants.
------------------------------------------------------------x

Miscellaneous Action

BRODIE, J.

## NON-PARTIES DRIVEN SPORTS, INC. AND MATTHEW CAHILL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH SUBPOENAE TO PRODUCE DOCUMENTS AND FOR A PROTECTIVE ORDER

Non-parties Driven Sports, Inc. ("Driven Sports") and Matthew Cahill (hereinafter collectively referred to as "Movants"), by their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, respectfully submit this Memorandum of Law in support of Movants' application pursuant to Federal Rules of Civil Procedure 26(c)(i) and 45, for a protective order and an order quashing the Subpoenae To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action, dated February 12, 2013, served upon the Movants by plaintiff, ThermoLife International, LLC ("ThermoLife").

### INTRODUCTION

The underlying action is venued in the United States District Court for the District of Arizona. Based upon a review of the pleadings in the Federal Court action, it appears that Thermolife has brought suit against Gaspari Nutrition, Inc. alleging claims for false advertising

5418785v.1

under the Lanham Act 15 U.S.C. § 1125(a)(1)(B), common law unfair competition, and tortious interference with existing and prospective contract expectancy.

The Movants have commenced this proceeding for the sole purpose of seeking to quash the subpoenae directed toward them, which were issued in the Eastern District, and for a protective order. Specifically, ThermoLife's subpoenae seek the production of the following documents from the Movants:

1. Any and all documents related to any research, testing or studies you conducted regarding 3,4 Divanillyltetrahydrofuran ("3,4 Divanil"), from 2005 to present.
2. Any and all documents regarding the effectiveness or safety of 3,4 Divanil, from 2005 to present.
3. Any and all documents relating to the reason(s) you stopped setting 3,4 Divanil.
4. Any and all documents relating to the sale of 3,4 Divanil to Gaspari, from 2005 to present.
5. Any and all documents reflecting sales of 3,4 Divanil to retailers and other manufacturers, from 2005 to present.
6. Any and all documents related to any FDA investigation, inspection or action related to 3,4 Divanil, from 2005 to present.
7. Any and all communications with or regarding Gaspari from 2005 to present.
8. Any and all communications regarding any Gaspari product or ingredient, from 2005 to present.

It is respectfully submitted that Movants motion should be granted because the plaintiff's subpoenae seek the disclosure of documents which are irrelevant contain confidential information and impose an undue burden on the Movants.

## ARGUMENT

### A. This Court has Authority to Quash a Subpoena

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, "[o]n timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other

protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv). Once a timely motion to quash has been made, the burden is upon the party issuing the subpoena to demonstrate that information sought is relevant and material to the allegations and claims in the proceeding. *Corbett v. Ehome Credit Corp*, 2010 WL 3023870 at 3 (E.D.N.Y. 2010); *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec.23, 2003); *see also Salvatore Studios Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug.14, 2001) ("Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matters relevant to the claims and defenses of the parties. Here, the burden is on Mako's [who issued the subpoena] to demonstrate relevance.").

"Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP*, No. 03 Civ. 5560, 2008 WL 4452134, at *4 (S.D.N.Y. Oct.2, 2008).

### B. The Subpoenae Seek the Production of Irrelevant Information and Require Disclosure of Confidential Research and Commercial Information

A subpoena issued to a non-party pursuant to Rule 45 is "subject to Rule 26(b)(1)'s overriding relevance requirement." *During v. City Univ. of N. Y.*, No. 05 Civ. 6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug 1, 2006). Therefore, the threshold issue a court must determine in any discovery dispute is whether the discovery sought is relevant. The scope of what is relevant is defined by the claims or defenses asserted.

Additionally, Fed.R.Civ.P. 45(c)(3)(B)(i) sets forth that to protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it

requires the disclosure of a trade secret or other confidential research, development or commercial information.

Based upon a review of the pleadings in the Federal Court action, it appears that Thermolife has brought suit against Gaspari Nutrition, Inc. alleging claims for false advertising under the Lanham Act 15 U.S.C. § 1125(a)(1)(B), common law unfair competition, and tortious interference with existing and prospective contract expectancy.

Thermolife's subpoenae seek the production of all documents related to any research, testing or studies conducted by the Movants regarding 3,4 Divanil, as well as any documents regarding the effectiveness or safety of 3,4 Divanil from 2005 to present. As stated by Matthew Cahill in his declaration, neither Driven Sports, Inc. nor Matthew Cahill ever supplied 3,4 Divanil to Gaspari. Therefore, ThermoLife's request is an intrusive, highly irrelevant inquiry into the non-party Movants' confidential research and commercial information not in any way relating to the issues in this case.

In addition, ThermoLife's request for any and all documents relating to the Movants purported sale of 3,4 Divanil is irrelevant as the Movants' sales are not at issue in the subject litigation matter. Moreover, in seeking documents relating to Movants' sales, ThermoLife is seeking confidential commercial information which it could use to gain a competitive advantage over the Movants.

### C. The Subpoenae Are Overly Broad and Unduly Burdensome

In the event that the court determines that the documents sought by ThermoLife are relevant, the Movants' motion should still be granted because subpoenae are overly broad and unduly burdensome.

"Determinations of issues of 'undue burden' are committed to the discretion of the trial court." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y.2003). "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. Whether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Cohen v. City of New York*, 255 F.R.D. 110, at 117-118 (S.D.N.Y.,2008). Also see, *Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419 (S.D.N.Y.,1998).

Furthermore, since the Movants are not parties to this lawsuit, "special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation." *Cohen v. City of New York*, 255 F.R.D. 110, at 117 (S.D.N.Y.,2008) *citing, Travelers Indemnity Co. v. Metropolitan Life Insurance Co.*, 228 F.R.D. 111, 113 (D.Conn.2005).

Plaintiff's subpoenae essentially seek every piece of paper related to the non-party Movants presumed business relationship with the defendants over a seven year span of time. The scope of the subpoenae is not limited by subject matter or for that matter any other factor which would reduce the burden of production upon the Movants. Moreover, to the extent that documents responsive to the plaintiff's subpoenae exist, these are documents that are obtainable from the defendants in this litigation matter.

**D. Movants Are Entitled to a Protective Order**

Rule 26(c) of the Federal Rules of Civil Procedure permits a district court, upon a showing of good cause, to "make any order which justice requires to protect a party or person

5418785v.1

from annoyance, embarrassment, oppression, or undue burden or expense." *Conopco, Inc. v. Wein*, Not Reported in F.Supp.2d, 2007 WL 1040676 (S.D.N.Y., 2007).

As discussed in detail above, ThermoLife's subpoenae are not in furtherance of a good faith attempt to obtain relevant information from the defendants but are instead intended to seek confidential research and commercial information from the Movants which could only serve to gain a competitive advantage. The Movants have already been forced to retain counsel and bear the expense of seeking the relief herein and to ensure it is not subject to the undue burden or expense associated with ThemoLife's unfounded document requests, a protective order enjoining any further discovery requests on the Movants is appropriate.

**WHEREFORE**, for the reasons set forth within, non-parties Driven Sports, Inc. and Matthew Cahill respectfully request that this motion be granted in all respects, together with such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
February 28, 2013

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: *[signature]*
Patrick Geraghty (6217)
*Attorneys for Non-Parties*
DRIVEN SPORTS, INC. and
MATTHEW CAHILL
150 East 42nd Street
New York, New York 10017
(212) 490-3000
Our File No.: 13863.00004

5418785v.1

CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2013, the foregoing Memorandum of Law in Support of Motion to Quash Subpoena to Produce Documents and For a Protective Order was served by first-class mail on the following:

Gregory Collins
Molly Eskay
KERCSMAR & FELTUS, PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, AZ 85250

Robert J. Itri
Flynn P. Carey
GALLAGHER & KENNEDY, PA
2575 East Camelback Road
Phoenix, Arizona 85016

Gregory M. Krakau
Resevoir Place
1601 Trapelo Road
Waltham, Massachusetts 02451

/s/ Patrick Geraghty
Patrick Geraghty (PG 6217)
*Attorneys for Non-Parties*
DRIVEN SPORTS, INC. and
MATTHEW CAHILL
150 East 42nd Street
New York, New York 10017
Phone: (212) 490-3000
Fax: (212) 490-3038
Our File No.: 13863.00004
patrick.geraghty@wilsonelser.com

5418785v.1